FILED
RECEIVED LODGED
DEC 2 3 2008
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

Case No. **C08 5758 BHS**

| | |
|---|---|
| Lisa Rutherford<br>1120 S. 61st St.<br>Tacoma, WA 98408<br><br>Plaintiff,<br><br>v.<br><br>Capital Management Services Group, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>1801 West Bay Dr. NW, Suite 206<br>Olympia, WA 98502<br><br>Defendant. | Judge:<br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT,**<br>**INVASION OF PRIVACY AND OTHER**<br>**EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

T-4487

no issue

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

**08-CV-05758-CMP**

1

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around January 2008, Defendant telephone Plaintiff's brother-in-law ("BIL").

10. During this communication, BIL notified Defendant that Plaintiff did not live with him.

11. Despite this notice, Defendant contacted BIL at least one more time.

12. During one of these communications, Defendant disclosed the existence of the debt to BIL.

13. During one of these communications, Defendant threatened to continue calling BIL until

   Plaintiff paid the debt.

14. In or around January 2008, Defendant telephone Plaintiff's sister ("Sister").

15. During this communication, Sister notified Defendant that Plaintiff did not live with her.

16. Despite this notice, Defendant contacted Sister at least one more time.

17. During one of these communications, Defendant disclosed the existence of the debt to Sister.

18. During one of these communications, Defendant accused Sister of being a liar.

19. At the time of these communications, Defendant had Plaintiff's contact information.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial

   anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive

   language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT NINE

### Invasion of Privacy by Public Disclosure of a Private Fact

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's Sister and brother in law.

40. The disclosure of Plaintiff's debt to these parties is highly offensive.

41. The information disclosed is not of legitimate concern to the public.

## COUNT TEN

### Invasion of Privacy by Intrusion upon Seclusion

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

44. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

45. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

46. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

47. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

48. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

49. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____

Lawrence S. Lofgren(Bar No. 34358)
600 Stewart St, Ste 724
Seattle, WA  98101
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email:  llo@legalhelpers.com
*Attorney for Plaintiff*

6